In re: Rosa Beatrice WASHINGTON, Debtor.

Martha Irene Weed, Plaintiff-Appellee,

v.

Rosa Beatrice Washington, Defendant-Appellant.

No. 99-14373

Non-Argument Calendar.

United States Court of Appeals,

Eleventh Circuit.

Feb. 28, 2001.

Appeal from the United States District Court for the Middle District of Florida.98-02142-CIV-T-24c), Susan C. Bucklew, Judge.

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Rosa Beatrice Washington, *pro se,* appeals the district court's order reversing the bankruptcy court's ruling. The bankruptcy court allowed Washington to avoid her attorney's lien on Washington's homestead property pursuant to § 522(f)(1) of the Bankruptcy Code, but the district court held that the lien was not a "judicial lien" avoidable under § 522(f)(1). 11 U.S.C. § 522(f)(1). After review, we affirm the decision of the district court in part and vacate and remand in part.

## I. BACKGROUND

On December 9, 1993, Washington entered into a retainer agreement with attorney Martha Irene Weed to secure her services in seeking a divorce. Paragraph 8 of the agreement provided that the attorney would have a lien on all of Washington's property, regardless of homestead, as follows:

> The undersigned attorney shall have a lien on all of the client's documents, property (both real and personal, regardless of homestead), or money in his or her possession or another's for his/her benefit for the payment of all sums due under this agreement, and upon property or funds received by client by settlement, judgment, or otherwise, or which was an issue in litigation between the parties.

The assets awarded to Washington in the divorce proceeding included the marital home—homestead property under Florida law. On April 25, 1995, the state divorce court granted Weed's motion for a "charging lien" against any and all assets awarded to Washington in the divorce, including her home, pursuant to the retainer agreement between Washington and Weed. In so doing, the state divorce court found that Washington had received proper notice and that Washington was indebted to the offices of Martha Irene Weed in the amount of $5,296.96 for professional legal services in that proceeding.

On August 28, 1995, Washington filed a Chapter 7 petition under the Bankruptcy Code. In the bankruptcy proceedings, Washington filed several motions to avoid Weed's lien against her homestead property. The bankruptcy court denied these motions on procedural grounds. Thereafter, Washington filed a second amended verified motion to avoid Weed's lien pursuant to 11 U.S.C. § 522(f)(1) because it impaired her homestead exemption. After a hearing, the bankruptcy court entered a summary order holding that Weed's lien on Washington's homestead property was a "judicial lien" which would be avoided pursuant to 11 U.S.C. § 522(f)(1).

Weed appealed the bankruptcy court's order to the district court, which reversed. Although Washington raised numerous issues in the district court, the district court focused exclusively on whether an attorney's "charging lien," as defined by Florida state law, is a "judicial lien" that can be avoided pursuant to § 522(f)(1) of the Bankruptcy Code. Assuming that Weed's lien on Washington's property was a valid attorney's charging lien under Florida law and finding that such charging liens are not "judicial liens" that may be avoided under § 522(f)(1), the district court held that Weed's lien on Washington's homestead property was not avoidable under § 522(f)(1). Washington appealed.[1]

## II. DISCUSSION

*A.     Attorney's Charging Liens Under Florida Law*

While federal law controls the bankruptcy issues in this case, state law governs the determination of whether a lien has been created in the context of a bankruptcy proceeding. *Grant v. Kaufman, P.A. (In re Hagen),* 922 F.2d 742, 744 n. 2 (11th Cir.1991)("It is agreed that state law applies in determining the creation of a lien and the consequences and rights attributable to the lien, other than the bankruptcy statutory issues.")(citing *Matter of Fitterer Eng'g Assoc., Inc.,* 27 B.R. 878, 880 (Bankr.E.D.Mich.1983)).

Under Florida law, the equitable right of attorneys to have costs and fees owed for legal services secured by the judgment or recovery in a lawsuit has been recognized for over a century. *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom,* 428 So.2d 1383, 1384 (Fla.1983). The equitable mechanism recognized by Florida law for securing this right is an attorney's charging lien. *Id.* In order for an attorney's charging lien to be imposed, Florida law requires: (1) a contract between the attorney and client; (2) an express or implied understanding that payment is either contingent upon recovery or will be paid from

---

[1]We review *de novo* determinations of law, whether made by the bankruptcy court or by the district court. *Williams v. EMC Mortgage Corp. (In re Williams),* 216 F.3d 1295, 1296 (11th Cir.2000).

the recovery;  (3) an attempt by the client to avoid paying or a dispute as to the amount of the fee;  and (4) a timely notice of a request for a lien.  *Id.* at 1385.

There are no requirements under Florida law for perfecting a charging lien beyond timely notice. *Id.* In *Sinclair,* the Florida Supreme Court found that the filing of a motion to enforce such a lien provides the notice necessary to perfect it.  *Id.* Although an attorney's charging lien attaches to a judgment for the client, this equitable lien relates back to the commencement of the services rendered by the attorney on behalf of the client and takes effect from that time.  *Miles v. Katz,* 405 So.2d 750, 752 (Fla. 4th DCA 1981).  An attorney's charging lien has priority over any judgment lien obtained after commencement of an attorney's services.  *Id.* In effect, the interest created by a valid attorney's charging lien arises by operation of law when all of the requirements of such a lien are satisfied and is effective from the commencement of the attorney's services in advance of any judicial action recognizing it.

B.     *Judicial Liens Under 11 U.S.C. § 522(f)(1)*

Section 522(f)(1) of the Bankruptcy Code provides that a debtor may avoid a "judicial lien" on property to the extent it impairs certain exemptions, as follows:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section if such lien is—
>
> (A) a judicial lien ...

11 U.S.C. § 522(f)(1).  Section 101(36) of the Bankruptcy Code defines a "judicial lien" as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."  11 U.S.C. § 101(36). Courts have described a judicial lien as "an interest which encumbers a specific piece of property granted to a judgment creditor who was previously free to attach any property of the debtor's to satisfy his interest but who *did not have an interest in a specific piece of property before occurrence of some judicial action.*"  *In re Fischer,* 129 B.R. 285, 286 (Bankr.M.D.Fla.1991)(quoting *In re Boyd,* 31 B.R. 591, 594 (D.Minn.1983)(emphasis added)).

Bankruptcy courts have found that liens that arise by operation of law without judicial action are not "judicial liens" for purposes of § 522(f)(1) because they are not obtained through the judicial process.  *See In re Fischer,* 129 B.R. at 286 (holding that an equitable lien on a home arising in the context of a divorce proceeding was not a judicial lien that could be avoided under § 522(f)(1) as an impairment on a homestead exemption);  *In re Davis,* 96 B.R. 1021, 1022 (Bankr.M.D.Fla.1989)(holding that a final judgment merely

recognized a preexisting equitable vendor's lien that arose by operation of law and that judgment did not make the lien a "judicial lien" obtained through the judicial process that could be avoided under § 522(f)(1)); *In re Sacco,* 99 B.R. 647, 651-52 (Bankr.W.D.Pa.1989)(finding that an attorney's charging lien is not a "judicial lien" under § 522(f)(1) because such a lien arises by operation of law and requires no affirmative judicial action); *see also In re O'Connell,* 167 B.R. 928, 931 (Bankr.D.Mont.1994)(finding that attorney's charging lien that arose by statute and related back to commencement of services is not a "judicial lien" that may be avoided under § 522(f)(1)). Although such liens may be recognized ultimately by a judgment or other process, liens that arise by operation of law need no judicial action to establish a creditor's interest. *Davis,* 96 B.R. at 1023 (explaining that because a creditor's interest in property predates judicial proceedings decreeing the existence of such a lien, such liens are not judicial liens avoidable under § 522(f)(1) of the Bankruptcy Code). Therefore, such liens generally may not be avoided as judicial liens pursuant to § 522(f)(1).

## C.      *Washington's Claims*

We now apply these legal principles to Washington's claims on appeal. Specifically, in the district court and on appeal, Washington made several arguments that Weed's lien against her homestead property was not a valid attorney's charging lien under Florida law and was created solely by the judgment of the state divorce court.

First, Washington argued that there was no valid charging lien created by the retainer agreement with her lawyer prior to the entry of the divorce court's order because: (1) she alone could not give a lien on the homestead property prior to her divorce because both she and her husband owned the property as tenants by the entireties at that time; (2) the retainer agreement between Washington and her lawyer failed to satisfy the requirements for a valid charging lien under Florida law because the lien provision did not require fees to be paid from the proceeds of the action alone; and (3) there was an insufficient showing that the attorney's services had created the homestead asset or that ownership of the homestead property was even contested in the divorce. Because her retainer agreement failed to satisfy the requirements for a charging lien under Florida law, Washington argued that no valid lien was created prior to the judgment of the state divorce court, thus making the lien a judicial lien.

Second, Washington argued that, even if the lien were otherwise a valid charging lien prior to the state court order, it was not enforceable as to her homestead property before the entry of the order because

Florida law requires judicial action to create an interest in real property. Thus, Weed argued that the lien, as to her home only, was avoidable as a judicial lien under § 522(f)(1) because it was nonexistent prior to the judgment of the state divorce court.

In reversing the order of the bankruptcy court, the district court did not address any of these issues concerning the validity and enforceability of Weed's lien. Instead, assuming that Weed's lien against Washington's homestead property was a valid attorney's charging lien under Florida law, the district court held that an attorney's charging lien under Florida law does not constitute a "judicial lien" for purposes of § 522(f)(1) of the Bankruptcy Code because it arises in advance of judicial proceedings and relates back to the date that legal services commenced. *Weed v. Washington (In re Washington),* 238 B.R. 852, 856 (M.D.Fla.1999)("[T]his Court holds that the attorney's charging lien in this case is not a 'judicial lien', and is thus not avoidable under section 522(f)(1).").[2] We agree that a *valid* attorney's charging lien under Florida law arises by operation of law in advance of judicial proceedings and thus is not "obtained by judgment" as required for a judicial lien pursuant to § 101(36) of the Bankruptcy Code. 11 U.S.C. § 101(36). Similarly, because an attorney's charging lien under Florida law vests an effective interest in a creditor before the occurrence of some judicial action, such a lien does not conform to the statutory definition of judicial liens. *See In re Fischer,* 129 B.R. at 286. Thus, we affirm the decision of the district court to the extent that it so held.

This legal principle alone does not fully answer all of the questions raised in the district court, however. Only if Weed's lien was a valid charging lien under Florida law was the district court correct in reversing the bankruptcy court's ruling that the lien could be avoided as a judicial lien. The district court did not address Washington's arguments that the lien failed to meet the requirements of a valid attorney's charging lien and that charging liens are insufficient to create an interest in real property under Florida law in any event. Even assuming that all of the prerequisites of a valid charging lien under Florida law had been satisfied by the retainer agreement between Washington and Weed, questions of Florida law remain regarding

---

[2]Relying on the Supreme Court decision in *Farrey v. Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), the district court noted in a footnote that Weed's lien could not be avoided under § 522(f)(1) for the additional reason that the lien "fixed" to the homestead property before Washington received a fee simple interest in it—at a time when it was owned as a tenancy by the entireties. Because the Supreme Court has held that § 522(f)(1) does not allow for the avoidance of liens that fixed to property in advance of a debtor's ownership, the district court noted that the lien was unavoidable for this additional reason. This reasoning also assumes that Weed's lien on Washington's homestead property was a valid charging lien that properly vested in advance of the order of the Florida divorce court.

the enforceability of such a lien as against homestead property in advance of judicial action, either as a matter of public policy or real property law. *See e.g., Bakst, Cloyd & Bakst, P.A. v. Cole,* 750 So.2d 676, 676-77 (Fla. 4th DCA 1999)(holding that a former wife's homestead property was not subject to her attorney's otherwise valid charging lien in light of public policy considerations generally prohibiting waiver of homestead protections in case where retainer agreement made no express mention of homestead property). The district court also did not address these issues.

## III. CONCLUSION

Accordingly, we affirm the conclusion of the district court that a valid attorney's charging lien under Florida law is not a "judicial lien" that may be avoided pursuant to § 522(f)(1) of the Bankruptcy Code. Nonetheless, we vacate the district court's order, dated September 16, 1999, which reversed the bankruptcy court's order, dated July 29, 1998, and remand to the district court to address, in the first instance, the issues of state law raised by Washington.[3]

AFFIRMED IN PART AND VACATED AND REMANDED IN PART.

---

[3]We note that Appellant filed the same brief in this Court that she filed in the district court in support of the bankruptcy court's order allowing her to avoid the lien. Further, Appellee has filed no brief in this Court at all. The inadequacy of the briefing to assist the Court in resolving the state law issues presented by this appeal further warrants our remand to the district court where the issues can be more fully addressed. Furthermore, our recognition of the state law issues remaining to be decided shall not be construed as expressing any opinion with respect to the merits of such issues under Florida law.